[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 14-11438; 14-14502
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20614-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAREEM BRINSON,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(October 19, 2015)

Before MARTIN, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Kareem Brinson was convicted after a jury trial and sentenced to 240-months imprisonment on three counts: possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(e), possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). He appeals his convictions and Armed Career Criminal Act (ACCA)-enhanced sentence, and he also appeals the district court's denial of his Federal Rule of Criminal Procedure 33 motion for a new trial based on newly discovered evidence.

About his trial and convictions, Brinson argues the government elicited improper testimony and made improper statements. About his sentence, he argues it was improper to sentence him under the ACCA. And about his Rule 33 motion for a new trial, he argues the district court abused its discretion by denying his motion and an evidentiary hearing. We affirm his convictions and the denial of his Rule 33 motion, but we vacate and remand for resentencing in light of the Supreme Court's decision that the ACCA's residual clause is unconstitutionally vague.

I

We begin by addressing Brinson's arguments that the government elicited improper testimony and made improper statements during his jury trial. Brinson's first two arguments are raised for the first time on appeal, so we review them only for plain error. See United States v. Rivera, 780 F.3d 1084, 1090 (11th Cir.

2015).[1]  Brinson says the district court erred in permitting the government to:
(1) cross-examine his cousin about whether she wanted him out of jail and would
help in any way she could; and (2) make remarks during closing arguments that
police officers risked their lives and that Brinson's prosecution was part of a larger
law-enforcement initiative aimed at eradicating drug trafficking and firearm
violence.

The district court did not plainly err in admitting the questions posed to
Brinson's cousin.  This line of questioning—asking whether she would help him in
any way she could—was permissible because it was aimed at revealing bias.[2]  See
Davis v. Alaska, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110 (1974) (noting that a
witness's credibility may be challenged on cross-examination through questions
aimed at uncovering potential biases, prejudices, or motives for testifying).

Neither did the district court plainly err in allowing the government to make
the challenged remarks during closing.  A prosecutor's remarks at closing may
warrant reversal if they are both improper and prejudicial to the defendant's
substantial rights.  United States v. Boyd, 131 F.3d 951, 955 (11th Cir. 1997).
Even assuming that these remarks were improper, Brinson cannot show that they

---

[1] "To establish plain error, a defendant must show that (1) there is an error; (2) that is
plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not
harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial
proceedings."  Rivera, 780 F.3d at 1090 (quotation omitted).

[2] Brinson also argues this line of questioning was inappropriate because it informed the
jury that he was incarcerated.  We address that aspect of his argument later in this opinion.

3

affected his substantial rights in light of the overwhelming evidence of his guilt.[3]

See id. (determining that a prosecutor's reference to the "war on drugs" at closing was improper, but concluding that any error was harmless because the evidence of guilt was overwhelming).

Brinson's remaining challenges about his trial and convictions relate to the government's (1) eliciting testimony that he was detained in jail before trial; and (2) eliciting testimony, as well as making its own statements at closing, indicating that Brinson had been shot.  Brinson objected to this testimony and these statements, see Fed. R. Evid. 103(b), so we review de novo these claims of prosecutorial misconduct, Rivera, 780 F.3d at 1090.

As to the government's questions about whether he was in jail, the district court sustained Brinson's objection and gave curative instructions, which purged any taint.  See United States v. Simon, 964 F.2d 1082, 1087 (11th Cir. 1992).  And as to the testimony and statements that Brinson had been shot, even on de novo review any error was harmless given the overwhelming evidence of guilt.  See Rivera, 780 F.3d at 1096, 1100 (explaining that prosecutorial misconduct is not reversible unless the defendant shows that the outcome of the trial would have been different).

---

[3] The evidence at trial showed: the arresting officer saw Brinson holding a sandwich bag containing what the parties later stipulated was crack cocaine; the officer heard and saw a gun fall to the ground from Brinson's pants as he was being handcuffed; Brinson admitted to an ATF agent that he possessed and sold the crack cocaine; and Brinson's DNA matched (to a one-in-fifteen probability) DNA recovered from the gun.

II

We next turn to Brinson's arguments about his motion for a new trial based on newly discovered evidence. "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Motions for a new trial are "highly disfavored," and district courts should exercise caution in awarding a new trial based on newly discovered evidence. United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003). To merit a new trial based on newly discovered evidence, the defendant must show that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

Id. "The failure to satisfy any one of these elements is fatal to a motion for a new trial." United States v. Thompson, 422 F.3d 1285, 1294 (11th Cir. 2005) (quotation omitted). A defendant is not entitled to an evidentiary hearing on a motion for a new trial if "the acumen gained by a trial judge over the course of the proceedings [made her] well qualified to rule on the [motion] without a hearing." United States v. Schlei, 122 F.3d 944, 994 (11th Cir. 1997). We review for abuse of discretion both the district court's denial of a Rule 33 motion for new trial based

5

on newly discovered evidence and its decision not to hold an evidentiary hearing. Jernigan, 341 F.3d at 1287; Schlei, 122 F.3d at 990.

The district court did not abuse its discretion in denying Brinson's Rule 33 motion. Brinson says he has new evidence that shows the incident reports (which describe the circumstances of his arrest) were generated on the computers of the arresting officers. He says this evidence demonstrates that the officers committed perjury when they testified at trial that they did not author the reports. But this evidence is insufficient to sustain a motion for new trial because it does not satisfy at least three of the five criteria: it could have been discovered through the exercise of diligence prior to or during trial; it is merely for impeachment of the officers' credibility; and it is not probable that it would lead to a different result at a new trial given the other overwhelming evidence of guilt. See supra note 3. Neither has Brinson shown that the district court erred by denying him an evidentiary hearing on his Rule 33 motion. The court had all the evidence necessary to decide the Rule 33 motion.

Somewhat differently, Brinson argues he is entitled to a new trial because the government denied him due process by failing to investigate the officers' alleged perjury relating to the authorship of the incident reports. We review this argument for plain error as it was raised for the first time on appeal. Rivera, 780 F.3d at 1090. In general, the government's presentation of perjured testimony or

6

failure to correct false evidence violates due process. Giglio v. United States, 405 U.S. 150, 153–55, 92 S. Ct. 763, 766 (1972). To prevail on a Giglio claim, the defendant must establish that (1) the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony; and (2) the falsehood was material. United States v. Dickerson, 248 F.3d 1036, 1041 (11th Cir. 2001). Brinson cannot show error, plain or otherwise, because he cannot show that the government knowingly presented any false testimony.

### III

Finally, we turn to Brinson's sentence. Under the ACCA, a person who violates § 922(g) and has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a mandatory minimum sentence of 15 years. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" in several ways, one of which is commonly called the residual clause. Under that clause, a violent felony is any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B)(ii).

The district court sentenced Brinson under the ACCA after finding that he had three qualifying prior convictions, one of which qualified under the residual clause. Brinson argued in his opening brief that the residual clause is unconstitutionally vague. In light of Johnson v. United States, 576 U.S. ___, 135

7

S. Ct. 2551 (2015), we now know that Brinson was correct.  See id. at 2563.  He

must be resentenced without reference to the residual clause.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR**

**RESENTENCING.**